In the Matter of the Estate of HOWARD I. SHAMEL, Deceased.

Surrogate's Court, Erie County, December 6, 1966.

*Phillips, Lytle, Yorkey, Letchworth, Hitchcock & Blaine* (*Heino H. Prahl* of counsel), for petitioners. *John J. Barone,* special guardian.

WILLIAM J. REGAN, S. On an application to settle the accounts of the above executors a question has arisen as to the allocation of executors' commissions attributable to income received during the period of administration.

The decedent's will, by Article Sixth, created a residuary trust wherein the net income was to be payable to his widow during her lifetime and upon her death to her appointees. Unquestionably, both by case law and by former section 17-b of the Personal Property Law, which was in effect until June 1, 1965, expenses, including executors' commissions, attributable to income during administration, should be borne by the income beneficiaries.

The question this court must now decide is whether the Legislature intended to change this long-standing rule by the enactment of section 27-d of the Personal Property Law. Subdivision 1 of section 27-d provides: '' Unless the will otherwise provides and subject to subdivision two hereof, all expenses incurred in connection with the settlement of a decedent's estate, including debts, funeral expenses, estate taxes, interest and penalties concerning taxes, family allowances, fees of attorneys and personal representatives and court costs shall be charged against the principal of the estate.''

If this broad language intended to include commissions on income, then they would be chargeable to principal, not income, as is presently the case.

The Court of Appeals held in *Matter of Shubert* (10 N Y 2d 461, 468 [1962]) that income earned during administration, after the payment of estate taxes but prior to distribution, should be apportioned between residual beneficiaries in the ratio of their interests after payment of taxes, rather than in the proportions set forth in the will. In the *Shubert* case a rather

drastic result occurred because 50% of the residuary was left to a charity and the other 50% to individuals, thereby changing the distribution of net income.

Partially to counteract the effect of this decision section 27-d of the Principal and Income Act (Personal Property Law, art. 2-A), effective June 1, 1965, was passed. Subdivision 2 of section 27-d provides: " Unless the will otherwise provides, income from the assets of a decedent's estate after the death of the testator and before distribution, including income from property used to discharge liabilities, shall be determined in accordance with the rule applicable to a trustee under this article and distributed as follows: ".

To a large extent this section was taken from the Revised Uniform Principal and Income Act as amended in 1962. (9B U.L.A. 569.) The only basic difference between subdivision 2 of section 27-d and the uniform act is the removal of certain words describing classes of people and in subdivision 2 of section 27-d the failure in the New York act to specifically spell out what " net income " actually is.

The will in the present case is silent as to how income should be distributed, so we must look to the provisions of the act itself. Subdivision 2 of section 27-d provides that net income received during administration shall be payable to residuary legatees.

The basic question is what was intended by the phrase, " net income ". The uniform act went into some detail and spelled out the actual items that were to be considered in arriving at net income. The New York act merely adopted the phrase " net income ", thereby suggesting that something less than gross income was to be distributed to the residuary beneficiaries.

This court does not feel that the long-established rule of charging commissions on income during administration to income beneficiaries was intended to be changed by subdivisions 1 and 2 of section 27-d of the New York act. If such a change were intended it should have been clearly spelled out in the act.

This court now finds that commissions payable to the executors on income received during the period of administration should be charged to the income beneficiaries and not principal.